J-A19024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :

              v.                          :

ADRIAN JUNIOR QUINTANA        :

           Appellant           :    No. 45 MDA 2024

Appeal from the Judgment of Sentence Entered December 27, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000359-2022

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LANE, J.:           **FILED NOVEMBER 07, 2024**

Adrian Junior Quintana ("Quintana") appeals from the judgment of sentence imposed following his conviction for statutory sexual assault, corruption of minors, and indecent assault.[1] We affirm.

The underlying facts of this case are largely immaterial to our disposition. Briefly, in September 2023, a jury convicted Quintana of the above offenses. On December 27, 2023, the trial court sentenced Quintana to an aggregate sentence of five to ten years in prison, followed by five years of probation. Quintana did not file a post-sentence motion. However, he did file a timely notice of appeal, and both he and the trial-court complied with Pa.R.A.P. 1925.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3122.1(b), 6301(a)(1)(ii), 3126(a)(8).

Quintana raises the following issue for our review: "[w]hether the jury's verdict was against the weight of the evidence." Quintana's Brief at 5.

Before we reach the merits of Quintana's sole issue, we must determine whether he preserved it for our review. A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either: (1) orally on the record, before sentencing; (2) in a written pre-sentence motion; or (3) in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). The failure by a defendant to avail himself of the prescribed methods of presenting a weight claim to the trial court results in a waiver of the issue on appeal. *See Commonwealth v. Wright*, 846 A.2d 730, 737 (Pa. Super. 2004).

In the instant case, our review of the record reveals that Quintana did not raise his weight of the evidence issue before the trial court, either orally on the record before sentencing, in a written pre-sentence motion, or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). Instead, he raised it for the first time in his Rule 1925(b) concise statement, which was insufficient to preserve it for appellate review. *See Commonwealth v. Sherwood*, 982 A.2d 483 (Pa. 2009) (holding that the appellant's inclusion of an issue challenging the weight of the evidence in his Rule 1925(b) statement did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion): *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on

appeal). Thus, as Quintana failed to preserve his weight challenge for our review, it is waived.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/07/2024